Gantt, J.,
dissenting. The above cases were argued together; the leading facts are these. Thomas Carroll executed a paper purporting to be his last will and testament, on the 4th of March, 1824; this instrument was executed in the presence of a less number of witnessess than is required by law. Thomas Carroll died in 1829. - The executors appointed proved the will on the 8th December, 1829, and were qualified as executors; they then proceeded to dispose of the estate according to the course which the law requires; amongst other things, they assented to and delivered over to the several legatees nominated in the will, the property bequeathed to them. Samuel Carroll and Moses Carroll, whose legacies had been delivered to them, removed from the State. The action against the executors was to recover the value of the negroes delivered to these legatees. Negro Adam was bequeathed to Thomas Carroll, son of Matthew Carroll, and was delivered to him by the assent of the executors. In the month of February, 1880, Adam was sold by Thomas Carroll the legatee, and- after passing through several hands was purchased by Joseph Black, against whom this action is brought to recover his value. Negro Jim was, bequeathed to Mrs. Grallaher, who sold him after she obtained possession by the assent of the executors, and after passing through several hands was purchased by Nancy Miller, the first named defendant.
In the month of October, 1835, the will of Thomas Carroll was proved in solemn form, and no appeal taken. In March, 1836, it was a second time proved in solemn form, and was appealed, from; and on the hearing, the will was set aside, and letters of administration were granted on the 6th of September, 1836, to the plain tiff.
Verdicts had been recovered in the Court below, against the defendants in each case.
The opinion of the Court as delivered in the first mentioned case, I concur in ; in the two last cases, I differ from the view which has been taken by the Court, and feel a confidence in the opinion which I entertain.
*15 The will of Thomas Carroll being admitted to probate by the Ordinary, the following facts were established, i. e. the appointment of the executors and the validity and contents of the will'; so far as respects personal property. I think the principle of law is well and correctly settled, that all intermediate acts done by executors between the probate of the will and revocation of the letters testamentary, are valid and effectual in the law-; upon no other principle could the Court have decided in favor of the executors, in the suit against them; and what distinction can be drawn between that and the two last cases ? The acts of persons done in a representative character of this kind, when clothed with the sanction and authentication of the proper tribunal appointed to judge in such matters, are unimpeachable, if performed in a due course of administration; and no one can deny but the assenting to specific legacies and delivering the same to the legatees, is as much in the due course of administration as the payment of debts. Suppose those executors had sold the negroes in question, could the sale have been considered illegal and void, and could trover have been maintained against the purchasers? Clearly not; nor can trover be maintained in a case where the executor divests himself of all further right, by assenting to and delivering up a specific legacy. The purchaser from the legatee in such case stands .precisely on the same footing with a purchaser from the executor himself, and both have a complete legal title. The great design of the law is to put an end to litigation. By the decision made in the two last cases, a floodgate of contention is opened. I regret it much; and I now predict that the law as settled in the two last cases will be productive of so much injustice and strife, as to compel the Court to settle down in the view in which I have taken.
I have only to add, that during the administration on this estate by the appointed executors, the heirs were all of full age, and their being nothing to hinder, they received, as their ought to have done, their several portions of the estate. It is not pretended that there is any cause to rip up the administration on the part of the executors for the payment of debts due from the estate: and if such was the fact, then the executors alone would be responsible for a devastavit. I therefore think that the statute of limitations might well haveavailed *16 the defendants in the last cases; but they stand on higher ground — the sure and stable principals of the Common Law.
These are my views, hastily sketched, in opposition to the opinion delivered in these cases.